**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JOHN CANFIELD, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-CV-714-JHP (FHM) |
| ) | |
| OVERHEAD DOOR COMPANY ) | |
| OF TULSA, ) | |
| ) | |
|     Defendant. ) | |

### ORDER and OPINION

Before the Court are Defendant Overhead Door Company of Tulsa's Motion to Dismiss Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) [docket number 9], and Plaintiff John Canfield's Response in opposition thereto [docket number 10]. For reasons stated herein, Defendant's Motion is GRANTED. In ruling upon this Motion, the Court also renders Defendant's previous motion [docket number 5] MOOT.

### Discussion

In considering a 12(b)(6) motion to dismiss, the Court accepts all well-pleaded matters in the complaint as true, and resolves all doubts in the light most favorable to the plaintiff. Scott v. Hern, 216 F.3d 897, 906 (10th Cir. 2000). The plaintiff must make at least minimal factual allegations, either direct or inferential, as to every material element of the claim. Gooley v. Mobil Oil Co., 851 F.2d 513, 515 (1st Cir. 1988); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Only if it "appears beyond doubt that plaintiff could prove no set of facts entitling it to relief," will the Court grant a 12(b)(6) motion to dismiss. Brannon v. Boatmen's Bancshares, 952 F. Supp. 1478, 1482 (W.D. Okla. 1997) (internal citations and quotations omitted).

1

Here, Plaintiff states as his sole cause of action a violation of the Family Medical Leave Act (FMLA). The FMLA allows an "eligible employee" up to 12 weeks of leave during any 12-month period for a serious health condition the renders the employee unable to perform the functions of the job. 29 U.S.C. § 2612(a)(1)(D). Such leave may be taken intermittently when medically necessary. Id. § 2612(b)(1). Under the FMLA, an employer may not (1) "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided," or (2) "discharge or in any other manner discriminate [or retaliate] against any individual" for exercising such rights, or for opposing any practice made unlawful by the statute. Id. § 2615(a). In order to establish a *prima facie* case for interference, a plaintiff "need only demonstrate that he was entitled to but denied the right." Strickland v. Water Works & Sewer Bd., 239 F.3d 1199, 1208 (11th Cir. 2001). In order to establish a *prima facie* case for discrimination or retaliation, a plaintiff must show that: "(1) she engaged in activity protected under either act; (2) she subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action." Richmond v. Oneok, Inc., 120 F.3d 205, 208-09 (10th Cir. 1997).

It is unclear from the facts alleged in the Amended Complaint (and repeated in his Response to the instant Motion) whether Plaintiff here is alleging interference or retaliation. Plaintiff alleges that (1) Plaintiff was an employee of Defendant; (2) Defendant was an employer at all times relevant to this claim; (3) Plaintiff requested leave under the FMLA to seek treatment for ulcers and shingles; (4) Defendant terminated Plaintiff's employment and engaged in other "discriminatory" behavior against him because of his FMLA request. Defendant argues that these allegations are conclusory and therefore insufficient to state a claim upon which relief may

be granted.[1]  The Court agrees that Plaintiff's factual allegations are too brief, minimal and vague to satisfy even the liberal "notice pleading" standard set forth in Fed. R. Civ. P. 8(a). Specifically, the Court finds that Plaintiff has not alleged facts to show whether he is an "eligible employee" under the FMLA, or which of the "prohibited acts" Defendant allegedly committed in violation of the FMLA.

## Conclusion

Because Plaintiff has not made the necessary factual averments to support every material element of his claim, Defendant's Motion is GRANTED.  Plaintiff is, however, granted leave of Court to file a Second Amended Complaint to address the pleading deficiencies identified herein. Plaintiff's Second Amended Complaint shall be filed within 15 days of the date of this Order.

IT IS SO ORDERED this 31st day of March 2006.

James H. Payne
United States District Judge
Northern District of Oklahoma

---

[1] Defendant also argues that Plaintiff has not demonstrated how he falls into a protected class for purposes of his "discrimination" claim.  The Court respectfully suggests, however, that Defendant has misinterpreted the meaning of "discrimination" under the FMLA.  *See* Strickland, 239 F.3d at 1206-07 & n.9 (acknowledging that the FMLA uses the terms "Exercise of Rights" and "Discrimination" to identify prohibited acts, while courts generally prefer the terms "interference" and "retaliation," respectively).